The Honorable Russ Hunt State Representative P.O. Box 200 Searcy, AR 72145-0200
Dear Representative Hunt:
You have requested an Attorney General opinion in response to the following question:
 Can a county sheriff have pre-trial detainees sign a medical release to absolve the county of any medical expenses while in his custody?
It is my opinion that this practice is permissible under Arkansas state law, but that it may not absolve the county of the responsibility to pay for medical costs initially. It is my opinion further that this practice may conflict with federal constitutional law in certain instances. As explained more fully below, federal constitutional law requires that detainees be provided with needed medical service, even if such service can only be provided if the county pays for it.
Under Arkansas state law, the payment of county detainees' medical expenses is governed by A.C.A. §§ 12-41-504 and -505. Section -504 requires counties to "provide for payment for food and services" for detainees. The language of that section makes use of the mandatory term "shall." However, the following statute, (Section -505) clarifies that detainees are to be ultimately responsible for the payment of the cost of services provided to them during their detainment. It also provides that their property can be used for the payment of such costs. Despite the provisions of Section -505, it is nevertheless clear when Sections -504 and -505 are read together that the county can be required to pay medical costs initially if necessary.
The county's responsibility to do so is consistent with federal constitutional requirements. Under federal constitutional law, the government is required to pay the medical expenses of detainees in instances where the detainee is unable to pay such costs, and the payment is for a serious medical need. This requirement is based upon the United States Supreme Court's holding that prisoners (whether they are convicted inmates or pretrial detainees) have a constitutional right to be provided with medical care, and that a failure to provide such care can constitute a violation of the Eighth or Fourteenth Amendments to the United States Constitution. See City of Revere v. Massachusetts General Hospital,463 U.S. 239 (1983); Estelle v. Gamble, 429 U.S. 97 (1976).
In City of Revere, supra, the Court addressed the question of whether a detainee's right to medical care carries with it an attendant right to payment of the cost of that care. The Court held that fundamentally, it does not. In that case, a hospital sued a municipality for the cost of medical service provided to a defendant who had been detained by the city police. The Court held that although the municipality had a constitutional duty to see that the medical care was provided to the detainee, the municipality was not constitutionally required to reimburse the hospital for that care.
However, the Court pointed out that if the only way by which a governmental entity can obtain the medical care that is needed by a detainee is to pay for it, then the governmental entity must pay. City ofRevere, 463 U.S. at 245.
I therefore conclude that the practice about which you have inquired can violate the federal constitution if it is applied so as to deny a detainee needed medical care.
I must also note a collateral concern. Under A.C.A. § 12-41-504, the initial authority to determine the policies that will govern the payment of the cost of services for detainees is granted to the quorum court. The sheriff does not have the authority to determine such policies unilaterally. However, after this initial determination of policies has been made by the quorum court, the sheriff is granted full responsibility for the supervision and operation of the county jail. See A.C.A. §§12-41-502; -503.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh